IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

METROPOLITAN APARTMENTS            )
AT CAMP SPRING, LLC,               )
                                   )
            Plaintiff,             )
                                   )     Civil Action No. 1:14cv0107 (AJT/JFA)
      v.                           )
                                   )
NATIONAL SURETY CORPORATION,       )
                                   )
            Defendant.             )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on Plaintiff's Motion to Compel Appraisal. (Docket no.

42). After fully briefing the issues (Docket nos. 43, 45, 48), the parties appeared for a hearing on

this motion on Friday, May 23, 2014. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned

magistrate judge is filing with the court his proposed findings of fact and recommendations, a

copy of which will be provided to all interested parties.[1]

### I. Introduction

This diversity action arises from a dispute over an insurance contract. Plaintiff,

Metropolitan Apartments at Camp Spring, LLC ("plaintiff"), is a limited liability company

whose sole member is Camp Springs Mezz Borrower, LLC, a limited liability company wholly

owned by Camp Springs Holding Co., LLC, a limited liability company, the members of which

are citizens of Virginia and Maryland. (Docket no. 34 at ¶ 1) ("Am. Compl."). Plaintiff owns a

397-unit apartment complex located in Camp Springs, Maryland, consisting of eight apartment

buildings and a clubhouse. (Id. ¶¶ 6, 7). Defendant National Surety Corporation ("defendant"),

---

[1] These proposed findings of fact and recommendations are being submitted because the ruling on this motion could
be considered dispositive of the defendant's counterclaim for a declaratory judgment, which seeks a declaration that
plaintiff has waived its right to an appraisal (Docket no. 36).

a corporation organized under the laws of the state of Illinois with its principal place of business located in Novato, California, issued an insurance policy to plaintiff for the period of September 30, 2007 through September 30, 2012 (the "Policy") under which plaintiff is the named insured. (*Id.* at ¶¶ 2, 5).

Plaintiff discovered damage on the property that it claims resulted from, *inter alia*, "construction defects" and "construction deficiencies." (*Id.* at ¶¶ 9, 11). The Policy issued by defendant contained certain exclusions, and defendant agreed to pay for some, but not all, of the property damage and income losses by the plaintiff. (*Id.* at ¶¶ 13, 14). The parties disagree as to the amount of loss plaintiff has sustained and whether defendant should cover these losses under the Policy. At issue in this motion is whether plaintiff has waived its right under the Policy to compel an appraisal of the loss amount.

## II. Procedural and Factual Background

### A. Procedural History

Plaintiff filed a complaint on January 30, 2014. (Docket no. 1). Defendant filed a motion to dismiss as to Count III of the complaint on March 21, 2014 (Docket no. 19), which the District Judge granted on April 4, 2014 (Docket no. 28). On March 21, 2014, the District Judge entered a Scheduling Order setting a discovery deadline for August 15, 2014. (Docket no. 22). On April 8, 2014, the parties submitted a proposed discovery plan. (Docket no. 29). On April 15, 2014, the undersigned entered a Rule 16(b) Order adopting in part the parties' proposed plan. (Docket no. 31). On April 23, 2014, the undersigned entered a stipulated protective order regarding the handling and labeling of confidential discovery materials. (Docket no. 33).

On April 24, 2014, plaintiff filed an amended complaint (Docket no. 34) seeking a declaratory judgment (Count I) that defendant is obligated to indemnify plaintiff for "all claimed

2

losses at the Property resulting from construction defects, including all claimed property damage

and business interruption losses up to the limit of the Policies" and general and consequential

damages from defendant due to defendant's breach of contract (Count II).  (Am. Compl. at

¶¶ 67–92).  On May 8, 2014, defendant filed an answer to the complaint, which included

affirmative defenses, and a counterclaim seeking a declaratory judgment that plaintiff had

waived its right to have its losses appraised pursuant to the Policy.  (Docket no. 36).

### B. Negotiations and the Demand for an Appraisal

Between July 2013 and January 2014, the parties engaged in four mediation sessions in

an attempt to resolve their disputes, the last of which occurred on January 29, 2014.  (Docket no.

43 at 5; Docket no. 45 at 7).  Under the terms of the Policy at issue, either party is permitted to

invoke appraisal after a dispute over an amount of loss arises.  Specifically, the Section E.2 of

the Policy provides:[2]

> *If we and you disagree on the value of the property or the amount of loss, either*
> *may make written demand for an appraisal of the loss. In this event, each party*
> *will select a competent and impartial appraiser. The two appraisers will select an*
> *umpire.  If they cannot agree, either may request that selection be made by a*
> *judge of a court having jurisdiction. The appraisers will state separately the value*
> *of the property and amount of loss.  If they fail to agree, they will submit their*
> *differences to the umpire. A decision agreed to by any two will be binding. Each*
> *party will:*
>
> > *a. Pay its chosen appraiser; and*
> >
> > *b. Bear the other expenses of the appraisal and umpire equally.*
> >
> > *If there is an appraisal, we will still retain our right to deny the claim.*

(Docket no. 43, Ex. 3).  On April 24, 2014, plaintiff sent defendant a letter demanding an

appraisal of all losses associated with the property pursuant to the Policy.  (*Id.*, Ex. 4).  On May

---

[2] There is a similar provision in the Business Income Coverage Form in Section D.1 concerning Net Income and operating expense.

8, 2014, defendant responded to plaintiff's letter, declining to participate in an appraisal and asserting that plaintiff had waived any right to appraisal under the Policy. (*Id.*, Ex. 5).

### C. Plaintiff's Motion to Compel

In the instant motion, plaintiff seeks an order compelling defendant to comply with plaintiff's written demand for an appraisal pursuant to the terms of the Policy. (Docket no. 42). Specifically, plaintiffs seeks an appraisal of the amount of loss it has sustained in connection with: (1) its business income claim; (2) pre-construction costs; and (3) cost and timeline to reconstruction of the property. (Docket no. 43 at 7).

#### 1. *Plaintiff's Argument*

As a matter of policy, plaintiff contends the appraisal procedure is appropriate because it would streamline the issues before the court, reduce costs, and allow insurance and construction experts to determine these issues. (Docket no. 43 at 7, 8). Next, plaintiff argues: (1) its demand was timely; and (2) defendant cannot show actual prejudice.

First, conceding that there is little Virginia case law on the waiver of a right to demand appraisal, plaintiff cites several non-binding insurance appraisal decisions that focus on whether a party demanded an appraisal within a reasonable time after the breakdown of good faith negotiations in light of the circumstances at the time of the demand. (*Id.* at 9). Plaintiff asserts its April 24, 2014 appraisal demand timely followed the breakdown of negotiations — which it claims occurred on April 2, 2014 when plaintiff received Ms. Hargrove's letter stating that defendant would make no further payments. (*Id.* at 10, Ex. 4). Moreover, plaintiff made its demand before defendant filed its answer and counterclaim. (*Id.* at 11). Next, plaintiff asserts that appraisal is a form of arbitration, and urges the court to follow the decision in *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244 (4th Cir. 2001), which sets forth the factors of

4

prejudice in the arbitration context. (Docket no. 43 at at 8, 10). Plaintiff contends defendant would not be prejudiced by an appraisal because there has been no substantial litigation to date, and defendant would have incurred the same expenses in litigating the coverage issues that cannot be appraised. (*Id.* at 11).

### 2. *Defendant's Argument*

Initially, defendant argues plaintiff's motion is procedurally improper because it is dispositive of defendant's counterclaim, which seeks a declaration that plaintiff has waived its right to appraisal under the Policy. (Docket no. 45 at 9). Defendant contends a decision on this motion would prematurely decide the issue of waiver without a fully developed record and without fulfilling the procedural requirements for summary judgment. (*Id.* at 10).

As to the merits of the motion, defendant argues plaintiff waived its right to appraisal under general waiver principles; plaintiff knew of, yet failed to act upon, its right. (*Id.* at 11). Plaintiff could have requested appraisal in 2013, yet chose — four times — to participate in mediation sessions instead. (*Id.* at 12, 13). Next, defendant argues it has and will suffer prejudice. Defendant claims it has spent $350,000 defending this litigation, including reviewing documents responsive to plaintiff's forty-seven document requests, issuing eight third-party subpoenas, preparing initial disclosures, and propounding document requests upon plaintiff. (*Id.* at 15–16; Docket no. 45-1 ¶ 17). Defendant contends appraisal is a costly, lengthy process that has the potential for inconsistent results. (Docket no. 45 at 16, 17). Defendant further argues that plaintiff's demand was untimely; the parties clearly disagreed as to the amount of loss in May 2013, and negotiations reached an impasse on January 29, 2014 — not on April 2 — when plaintiff left mediation and filed this complaint the next day. (*Id.* at 22).

### III. **Proposed Findings of Fact and Recommendations**

#### A. Standards

A district court sitting in a diversity action applies the choice of law rules applicable to the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). In Virginia, "the law of the place where an insurance contract is written and delivered controls issues as to its coverage." *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635–36 (4th Cir. 2005). Because the Policy at issue in this action was issued to plaintiff in Virginia, Virginia law governs this dispute.

Virginia law has long provided a means for resolving disputes over insurance claims: "when an insurer and its insured disagree as to the actual value of a loss, either party may invoke the prescribed process set forth in § 38.2–2105 of the Virginia Code and thereby demand an appraisal of the disputed loss." *Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 571 F. Supp. 2d 712, 715–16 (E.D. Va. 2008). While this statutory appraisal procedure is well-established, there is little authority interpreting or applying the statute. *See id.* at 716 (noting same). Nonetheless, appraisal is "a form of arbitration." *Id.* at 715. Accordingly, the undersigned recommends that the general principles and decisions relating to demands for arbitration be applied to this dispute.

There is strong national policy favoring arbitration. *See MicroStrategy*, 268 F.3d at 249; 9 U.S.C. § 3 (West 2014). "Because of the strong federal policy favoring arbitration, however, we will not lightly infer the circumstances constituting waiver." *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like a defense to arbitrability." *MicroStrategy*, 268 F.3d at 249 (citations omitted).

A party may waive its right to demand arbitration by "so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) (citation omitted). "But even in cases where the party seeking arbitration has invoked the 'litigation machinery' to some degree, '[t]he dispositive question is whether the party objecting to arbitration has suffered *actual prejudice.*'" *MicroStrategy*, 268 F.3d at 249 (quoting *Fraser*, 817 F.2d at 252). Delay, alone, or the mere filing of pleadings, is insufficient to show actual prejudice; however, "delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice." *Id.* (citation omitted).

The Fourth Circuit considered the issue of waiver of a right to arbitrate in *MicroStrategy*. 268 F.3d 244. In that case, Lauricia brought an action against her employer, MicroStrategy, alleging discrimination and retaliation after Lauricia filed EEOC complaints; MicroStrategy sought to stay the action and compel Lauricia to submit her claim for declaratory judgment to arbitration. *Id.* at 246. The parties' disputes included over fifty "procedural maneuvers," "many motions" and responses, a later withdrawn appeal, and the expenditure of substantial sums of money. *Id.* at 250–51. The court held that Lauricia failed to carry her "heavy burden" of showing that she suffered legally significant, concrete prejudice from MicroStrategy's litigation activities. *Id.* at 254. The court further reasoned that the delay in seeking arbitration was relatively short: MicroStrategy requested arbitration approximately one month after the initial EEOC complaint, and less than six months passed between the filing of the first action and the arbitration request. *Id.* at 250. The court also noted that although there were three separate "remarkably aggressive" suits against Lauricia, no decision on the merits of the declaratory relief claims was ever made. *Id.*

7

In *Maxum Foundations, Inc. v. Salus Corp.*, an earlier decision addressing the same waiver issue, defendant filed a motion to dismiss in favor of arbitration three months after the amended complaint was filed, and less than a month before discovery ended. 779 F.2d 974, 982 (4th Cir. 1985). Even at that late stage of the proceeding, the Fourth Circuit held that defendant had not waived its right to arbitration. *Id.* at 983. Acknowledging that defendant propounded interrogatories and document requests upon plaintiff, noticed three depositions, and attended depositions noticed by plaintiff, the court reasoned that plaintiff suffered no prejudice because defendant "had not yet received the benefit of any of its discovery efforts" when it raised the arbitration question. *Id.* (articulating "the party seeking arbitration does not lose its contractual right by prudently pursuing discovery in the face of a court-ordered deadline").

On the other hand, in *Fraser*, the Fourth Circuit held that defendant had waived its right to arbitration by moving to compel arbitration four and a half years after the complaint was filed. 817 F.2d at 252. In that case, there were at least thirty-five depositions, eight discovery motions, one motion for partial summary judgment, three motions to dismiss, and two trial dates that passed before the hearing on the motion to compel arbitration. *Id.* at 251. The court held that plaintiff suffered actual prejudice because plaintiff had "to respond to a number of potentially damaging motions, including a motion for partial summary judgment and three motions to dismiss," and plaintiff had "to prepare repeatedly for trial rather than for arbitration." *Id.* at 252. The court distinguished the case from *Maxum*, noting that judgment was actually rendered on several of the *Fraser* plaintiff's claims before the arbitration demand was made. *Id.*

Courts in other jurisdictions have considered the issue of unreasonable delay in the context of a demand for appraisal under an insurance policy. Those courts have concluded that where a policy "makes no provision for a time when appraisal must be requested . . . it shall be

done within a reasonable time." *Kester v. State Farm Fire and Cas. Co.*, 726 F. Supp. 1015, 1019 (E.D. Pa. 1989) (citations omitted). "The timeliness of a demand for an appraisal in each case depends upon the circumstances as they existed at the time the demand was made." *Id.* (citations omitted). In particular, courts have focused on the timing between the breakdown of good faith negotiations concerning the loss suffered by the insured and the appraisal demand, and whether any prejudice resulted from that delay. *Id.* at 1019–20.

For these reasons, the undersigned recommends that Virginia law governs this dispute, that arbitration principles apply to appraisal disputes, and that the relevant case law directs that when parties have entered into an agreement that provides for an appraisal process, that agreement shall be enforced, unless the moving party has waived its contractual right to demand appraisal. The non-moving party "bears the heavy the heavy burden of proving waiver," which can be shown by actual prejudice. *See MicroStrategy*, 268 F.3d at 250 (quoting *Am. Recovery*, 96 F.3d at 96). However, that proof "must be concrete, not merely speculative." *Id.* at 252. Actual prejudice is a factual inquiry, and, as *MicroStrategy, Maxum, and Fraser* make clear, the pertinent factors include: significant delay in making the appraisal demand and the extent of litigation activities.

**B. Discussion**

**1. *Plaintiff Can Compel Defendant to Commence an Appraisal***

The parties do not dispute the validity or enforceability of the Policy or that the appraisal provision applies to this dispute. Accordingly, the undersigned recommends a finding that the appraisal clause is valid and that it provides an applicable procedure to determine the amount of plaintiff's loss. The remaining question is whether plaintiff waived its right to compel an appraisal.

9

Defendant argues that plaintiff waived this right by participating in four different mediation sessions, initiating litigation to resolve its dispute over the amount of loss covered under the Policy, and forcing defendant to invest in other means for resolving the dispute. Defendant also argues plaintiff's April 24, 2014 appraisal demand was untimely because the parties clearly reached an impasse in their negotiations on January 29, 2014, when plaintiff abruptly left mediation and filed this complaint the next day.

In response, plaintiff argues its demand does not prejudice defendant because it was made before defendant filed its answer and counterclaim on May 8, 2014, and defendant would have incurred the same expenses in litigating the coverage issues that cannot be appraised. Plaintiff argues that the Policy appraisal clause is without limitation as to when demand should be made following the loss. Plaintiff contends its demand timely followed its receipt of Ms. Hargrove's April 2, 2014 letter, which stated for the first time unequivocally that defendant would not pay any further amounts, thereby signaling that negotiations had broken down.

As discussed above, in the absence of controlling authority concerning waiver of a right to demand appraisal, the undersigned believes it is appropriate to apply the principles of arbitration to this analysis. *See Tiger Fibers*, 571 F. Supp. 2d at 715 (stating "appraisal is a form of arbitration"). In this regard, a comparison of the instant facts to those in the *MicroStrategy* case is helpful. *See MicroStrategy*, 268 F.3d 244. In that case, as discussed above, the Fourth Circuit ruled that MicroStrategy's initiation of three lawsuits against plaintiff — which included "many motions," over fifty "procedural maneuvers," and one later withdrawn appeal — in the six months between the filing of the initial suit and the arbitration demand was not prejudicial because Ms. Lauricia could not also show concrete prejudice from being forced to arbitrate her

claim. *Id.* at 250, 254. Consequently, and because there was no decision on the merits of the issues subject to the arbitration demand, the court held there was no waiver. *Id.*

In comparison, the facts of this case compel the similar conclusion that defendant has not shown that plaintiff's delay in demanding appraisal will cause actual prejudice. The parties are only one month into discovery. *Cf. Maxum*, 779 F.2d at 982 (holding that an arbitration request made three months into discovery with one month remaining did not constitute waiver). Plaintiff made its request for appraisal twenty-two days after it received notice that defendant would pay nothing further toward plaintiff's business loss claim, and over two weeks before defendant filed its answer and counterclaim. *Cf. Kester*, 726 F. Supp. at 1019–20 (focusing delay inquiry on timing between breakdown of negotiations and timing of appraisal demand).

In addition, only limited discovery and litigation activity have taken place so far. Plaintiff has propounded forty-seven document requests on defendant. Defendant contends it has spent significant sums of money reviewing responsive materials, served eight third party subpoenas, and filed one motion to compel a third party subpoena that was withdrawn four days later. Surely, defendant has devoted significant resources to this litigation, and plaintiff's discovery requests are considerable. However, nothing has actually been produced and no depositions have been noticed. Moreover, the majority of plaintiff's discovery requests did not pertain to damages, but concerned coverage related issues. Here, as in *MicroStrategy*, the appraisable issue of loss amount is distinct from the triable issues of coverage and liability. *See* 268 F.3d at 251. ("[B]ecause the prior actions were primarily directed to claims unrelated to those asserted by Lauricia, the expense and effort associated with those claims cannot be used in support of the argument that MicroStrategy waived its right to arbitrate the discrimination claims."). Importantly, there has been no determination on the merits of plaintiff's claimed loss

11

amount. *See id.* at 250 (emphasizing whether there has been a determination on the merits in waiver analysis); *cf. Fraser*, 817 F.2d at 252 (determining party suffered actual prejudice because, *inter alia*, judgment was actually rendered on several claims before arbitration demand was made).

Because neither plaintiff's discovery requests, nor the expense associated with the defense of this litigation, nor the delay is sufficient to show actual prejudice to defendant, it appears plaintiff has not waived its right to compel appraisal. For these reasons, the undersigned magistrate judge recommends a finding that the appraisal provision is valid, plaintiff has not waived its right to compel appraisal, and plaintiff may compel defendant to submit the amount of loss to appraisal.

### 2. *All Litigation Should Be Stayed Pending the Outcome of the Appraisal*

Having recommended that the court should order appraisal of the amount of plaintiff's loss, the issue then becomes whether the coverage issues that cannot be appraised should be stayed pending the outcome of the appraisal. As this court has previously stated, Virginia law provides a statutory procedure for resolving insurance claims as "a form of arbitration, thereby allowing the parties the opportunity to settle their disputes without resorting to costly litigation." *Tiger Fibers*, 571 F. Supp. 2d at 715.

Given the policy behind arbitration and this statutory provision, it is appropriate to stay all litigation activity pending the outcome of the appraisal. This seems especially fitting considering the differences between arbitration and appraisal. The case law discussed above concerned motions to compel arbitration that were dispositive of the litigation; here, appraisal is suitable for determining the issue of damages, and both parties anticipate that it may be dispositive of that issue. But litigation may remain necessary to determine the separate issue of

12

liability since the appraisal procedure provides that defendant retains the right to deny the claim. While defendant has not shown it would suffer actual prejudice if forced to appraise the amount of loss, there is the potential for actual prejudice if the defendant is required to continue to litigate the claims raised in plaintiff's complaint while the appraisal process is being undertaken. As a practical matter, as defendant argued, it is not clear that the appraisal process can or will be completed on a timeline that fits within the Scheduling Order entered in this case. This court has a stated interest, in circumstances such as these, in preventing actual prejudice to the non-moving party. Therefore, to avoid the potential of any future prejudice, and to preserve judicial resources, a stay of all litigation pending the outcome of the loss amount determination is appropriate.

For these reasons, the undersigned magistrate judge recommends a stay of all litigation activity pending the outcome of the appraisal. However, to insure that the appraisal process proceeds expeditiously, it is recommended that the parties provide the court with a status report every sixty days. In addition, it is recommended that at the conclusion of the appraisal process, the parties be required to meet with the undersigned magistrate judge to discuss a resolution of any remaining issues.

## IV. Conclusion

In summary, the undersigned magistrate judge recommends the following findings of fact and law: Virginia law provides a procedure that allows parties to submit disagreements over a loss amount to appraisal, "a form of arbitration," for a binding determination of the amount of loss. Either party may demand appraisal unless that right has been waived. The non-moving party must prove waiver by showing actual prejudice, caused by delay and substantial litigation activity. Under controlling arbitration case law, it appears that neither plaintiff's participation in

mediation sessions, nor the filing of this action, nor the discovery requests plaintiff propounded upon defendant, nor the expense associated with the defense of this litigation incurred to date is sufficient to meet defendant's "heavy burden" of showing sufficient actual prejudice to constitute a waiver.

In these circumstances, therefore, the undersigned magistrate judge recommends a finding that plaintiff has not waived its contractual and statutory right to compel appraisal of the loss amount; defendant should submit to the appraisal process; during the appraisal, all other litigation activity in this case should be stayed; the parties should file with the court reports detailing the status of the appraisal process at sixty day intervals; and that the parties be required to meet with the magistrate judge following the conclusion of the appraisal process to discuss a resolution of any remaining issues.

## V. Notice

By means of the court's electronic filing system, the parties are notified that failure to file written objections to these proposed findings of fact recommendations within fourteen (14) days after being served with these proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of these proposed findings of fact and recommendations and such failure shall bar them from attacking on appeal any findings or conclusions accepted and adopted by the District Judge except upon grounds of plain error.

ENTERED this 27th day of May, 2014.

/s/

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

14